UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GODMAN ESEH, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. 5-25-CV-030-H |
| § | |
| SIEMENS GAMESA RENEWABLE § | |
| ENERGY, INC., § | |
| § | |
| *Defendant*. § | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

COMES NOW Plaintiff, Godman Eseh, complaining of the acts and omissions of Defendants, Siemens Gamesa Renewable Energy, Inc. ("SGRE"), Coyote Wind, LLC, Fairwind Renewable Energy Services, LLC, and respectfully shows the Court as follows:[1]

## I.   JURISDICTION AND VENUE

1.   The subject matter in controversy is within the jurisdictional limits of this Court.

2.   This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with Texas, and Plaintiff's claims arise out of and relate to Defendants' contacts with Texas. The wind farm and jobsite premises which made the basis for the Plaintiff's claims are in Texas as well. Furthermore, jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

3.   All other jurisdictional perquisites and conditions precedent to suit have been met.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff has obtained written consent from the opposing party, SGRE, to file his First Amended Complaint. *See* FED. R. CIV. P. 15(a)(2) ("In all other case, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

4.     Venue is proper and maintainable in Lubbock federal court because the incident that makes the basis for Plaintiff's claims occurred in Snyder, Texas—within the jurisdiction of the Northern District of Texas's Lubbock Division.

5.     Plaintiff requests jurisdictional discovery as it pertains to the citizenship of Coyote Wind, LLC's and Fairwind Renewable Energy Services, LLC's members to ensure that none of those individuals or entities are citizens of Texas for the purposes of diversity of citizenship jurisdiction.

6.     Plaintiff seeks damages that exceed $1,000,000 and asks the jury to determine the precise amount of damages.

## II.     MISNOMER/ALTER EGO

7.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.     PARTIES

8.     Plaintiff Godman Eseh is a resident and citizen of Texas. Plaintiff may be contacted through his counsel of record at ZEHL & ASSOCIATES, PC.

9.     Defendant Siemens Gamesa Renewable Energy, Inc. is a Delaware For-Profit Corporation doing business in the State of Texas. This defendant may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. SGRE has been served and appeared.

10.     Defendant Coyote Wind, LLC is a domestic limited liability company doing business in the State of Texas. The citizenship of Coyote Wind, LLC's members is unknown to

Plaintiff at this time. This defendant may be served through its registered agent for service of process, Corporation Services Company dba CSC-Lawyers Incorporating Services Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Plaintiff requests a citation**.

11.     Defendant Fairwind Renewable Energy Services, LLC is a domestic limited liability company doing business in the State of Texas. The citizenship of Fairwind Renewable Energy Services, LLC's members is unknown to Plaintiff at this time. This defendant may be served through its registered agent for service of process, Corporate Creations Network, Inc., at 1521 Concord Pike, Suite 201, Wilmington, Delaware 19803. **Plaintiff requests a citation**.

### IV.   FACTS

12.     This case arises out of severe personal injuries Plaintiff sustained on or about September 18, 2023, due to a fall from a wind turbine at the Coyote Wind Farm, situated at 9899 County Road 1137, Synder, Scurry County, Texas 79549 ("the wind farm"). On information and belief, the wind farm is controlled and/or operated by Siemens Gamesa Renewable Energy, Inc.

13.     Plaintiff was a contractor working as a maintenance technician on a wind turbine at the wind farm when he fell through an open hatch that was supposed to be closed. Plaintiff fell over 40 feet.

14.     On information and belief, the hatch, which has a self-closing mechanism, was held open by a wire cable. Plaintiff's fall and resulting injuries were caused by the wire cable preventing the hatch from closing, due to, among other things, Defendants' negligent and grossly negligent operation and maintenance of wind farm equipment.

15.     As a result of the fall, Plaintiff suffered severe physical and mental injuries. Plaintiff has incurred and will continue to incur substantial medical expenses as a result of his injuries. Plaintiff has been damaged in a sum far more than the minimum jurisdictional limits of this Court.

16. Plaintiff's damages are detailed below.

## V.  CAUSES OF ACTION

### A. Negligence and Gross Negligence Against Defendants

17. Plaintiff incorporates all other paragraphs by reference here fully.

18. Defendants were negligent, negligent per se, and grossly negligent for the following reasons:

   a. Failing to perform wind farm operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

   b. Failing to use ordinary care as a reasonable wind farm operator would under the same or similar circumstances;

   c. Failing to develop standards, procedures and training related to job planning, execution, and the impact of concurrent activities;

   d. Failing to properly supervise, train, instruct, and monitor employees and contractors;

   e. Failing to adequately implement and/or follow policies and procedures regarding safety during wind turbine operations;

   f. Failing to ensure wind farm safety systems were adequate and functional;

   g. Failing to follow corporate, federal, state, and/or industry policies, procedures, and guidelines for safe operations and fall protection;

   h. Failing to properly train safety personnel to prevent hazardous incidents like the one on which this suit is based;

   i. Failing to provide adequate wind turbine maintenance equipment;

   j. Failing to properly inspect and maintain wind turbine maintenance equipment;

   k. Failing to properly inspect known hazards, or to properly detect hazards which should have been discovered, in the wind turbine;

   l. Failing to isolate defective or hazardous wind turbine equipment;

   m. Failing to monitor the wind turbines' hatches' self-closing mechanism;

   n. Failing to prevent employees from falling off the wind turbines;

    o. Failing ensure that wire cables did not prevent the wind turbines' hatches' self-closing mechanism from operating properly;

    p. Failing to maintain best practical housekeeping and maintenance practices and standards to control the wind turbines' safety mechanisms;

    q. Failing to warn or make safe unreasonably dangerous conditions that were known or constructively known;

    r. Failing to provide a safe workplace for employees and contractors;

    s. Violating OSHA and other applicable standards relating to safety operations, wind turbine maintenance, and fall protection;

    t. Consciously disregarding extreme risks of harm;

    u. Failing to provide safe, properly maintained equipment;

    v. Failing to provide a safe wind farm work environment;

    w. Failing to provide necessary training and support for employees and contractors;

    x. Failing to adequately warn of or make safe dangers or conditions of which Defendant had actual or constructive knowledge;

    y. Failing to inform Plaintiff of defects at the wind farm, with wind turbine equipment, or in the conditions in which Plaintiff worked;

    z. Failing to use ordinary care as a reasonable person would under the same or similar circumstances; and

    aa. Other acts deemed negligent as shown through discovery of this case.

19. Defendants are vicariously liable for the acts and omission of their employees through respondeat superior.

20. On balance, Defendants owed a duty consistent with the foregoing and breached each of them. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical and mental injuries. Plaintiff has a right to recover for these injuries.

21. Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants through their acts authorizing or ratifying an agent's gross negligence, negligently hiring an unfit agent, and committing gross negligence through the actions or inactions of a vice-principal acting in the course of employment for said Defendants.

22. Additionally, Defendants' actions and inactions were done with a reckless disregard for a substantial risk of severe bodily injury. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

**B. Negligent Undertaking**

23. Defendants undertook to render services necessary to protect Plaintiff's person or things.

24. Defendants failed to exercise reasonable care to perform those services.

25. Defendants' failure to exercise reasonable care increased the risk of harm to Plaintiff. In the alternative, Plaintiff's harm resulted from their reliance on Defendants' undertaking of the services.

26. Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants through their acts authorizing or ratifying an agent's gross negligence, negligently hiring an unfit agent, and committing gross negligence through the actions or inactions of a vice-principal acting in the course of employment for said Defendants.

27. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

### C. Premises Liability

28. Defendant SGRE was in possession of the Coyote Wind Farm, situated at 9899 County Road 1137, Snyder, Scurry County, Texas 79549 ("the premises").

29. Plaintiff entered the premises in response to SGRE's invitation and for their mutual benefit.

30. A condition on the premises posed an unreasonable risk of harm.

31. SGRE knew or reasonably should have known of the dangerous condition.

32. SGRE had a duty to use reasonable care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. SGRE breached the duty of reasonable care.

33. SGRE's breach of duty proximately caused injury to Plaintiff, which resulted in Plaintiff's damages.

## VI. DAMAGES

34. Plaintiff affirmatively seeks damages in excess of $1,000,000 and prays for relief and judgment for Defendants' acts as follows:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past and future;

   d. Physical impairment in the past and future;

   e. Mental anguish in the past and future;

   f. Loss of earnings and/or earning capacity in the past and future;

   g. Cost of medical monitoring and prevention in the future;

    h. Exemplary damages; and

    i. All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## VII. JURY TRIAL DEMANDED

35. Plaintiff demands trial by jury.

## VIII. PRAYER

36. Plaintiff prays that this citation issue and be served on Defendants in a form and manner prescribed by law, requiring Defendants to appear and answer, and that upon final hearing, Plaintiff obtains judgment against Defendants in a total sum more than the minimum jurisdictional limits of this Court, plus prejudgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff shows himself justly entitled.

Respectfully submitted,

ZEHL & ASSOCIATES, PC

*/s/ Matthew Greenberg*
Matthew O. Greenberg – Attorney in Charge
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
Boston C. Mallory
Texas State Bar No. 24130783
*NDTX Admission Forthcoming*
bmallory@zehllaw.com
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-8545
eservice@zehllaw.com
**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 19, 2025, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

                                                      */s/ Matthew Greenberg*
                                                      Matthew Greenberg